IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CURTIS LEE MARTIN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00110 |
| | ) |
| STATE OF TENNESSEE *et al.*, | ) Chief Judge Haynes |
| | ) |
| Respondent. | ) |

# MEMORANDUM

Before the Court is a petition for the writ of habeas corpus under 28 U.S.C. § 2254, filed *pro se* by Curtis Lee Martin, a state prisoner currently held at the Lawrence County Jail in Lawrenceburg, Tennessee.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4. After undertaking this review, the Court finds that the petition filed in this action must be dismissed.

From the petition and attached documents in this case, it appears that Martin pleaded guilty to a criminal charge in September 2013 and was sentenced to a term of probation. Martin states that the plea petition that he signed was for a six-year sentence.

Martin wore an ankle monitor while on probation. In April 2014, while the petitioner was at work, the monitor got "caught" on a ladder and caused Martin to fall 20 feet, injuring both

shoulders and both ankles. In addition, the monitor was "torn" off during the fall. Martin attempted to put the monitor back on. His story apparently was not believed by the criminal court judge or district attorney, and Martin was convicted on May 22, 2014 for violating the terms of his probation. The judge revoked Martin's probation and sent him to jail. Martin claims it was at this point that he discovered that what he believed was a six-year sentence had been changed after he signed the plea documents to an eight-year sentence.[1]

Martin states that his appeal of the probation-revocation order is still pending. (*See* Docket Entry No. 1, Habeas Petition at 2, 6.) He also states that he filed a motion in the Lawrence County Court asking that court to review and reinstate his probation. (*Id.* at 2.) He does not indicate the disposition of that motion.

As grounds for relief in the instant petition, Martin states that he "never was told or seen a paper with 8 years on it[.] I si[gn]ed one that I have for 6 years." (*Id.* at 3.) He claims that no one has been able to show him a document that imposed an eight-year sentence. Second, Martin insists that, presumably during the probation-revocation hearing, "DA Christi Thompson didn't want to hear from witness[es] that [Martin] fell from a ladder and it rip[ped] the monitor off." (*Id.*) Finally, Martin believes that, even if here were somehow culpable of willfully removing the monitor, he should only have been required to serve 180 days, according to Tennessee law.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to fairly and properly present federal claims so

---

[1] Martin states, "You can look at the copy I sent you and tell it has been changed." (Docket Entry No. 1, Habeas Petition at 7.) To the Court's knowledge, however, Martin has not included a copy of a plea petition or plea agreement among any of his filings in this Court.

that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844–45, 848; *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275–77 (1971)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all available levels of the state appellate system. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). The petitioner bears the burden of showing exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

As indicated above, Martin states that, at the time the present petition was filed, various appeals of the revocation of his probation were still pending in state court. Moreover, based on the date on which the probation-revocation occurred, it is clear that the petitioner has not had time to complete the pursuit of a direct appeal of his conviction and sentence to the Tennessee Court of Criminal Appeals, or to pursue claims through the state post-conviction process. As set forth above, the petitioner must properly present his claims in the state-court system before presenting them in federal court. Because it clearly appears from the face of the petition that he has not done so, this action is premature.

The petition (Docket Entry No. 1) is therefore subject to dismissal for failure to exhaust state-court remedies. The dismissal will be without prejudice to petitioner's ability to bring a habeas petition challenging the constitutionality of his conviction after he has fully exhausted his

state-court remedies.[2]

In addition, however, the Court notes that even when a petitioner's application for a writ of habeas corpus raises claims that have been properly exhausted in the state courts, the Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, to state a claim that is cognizable in a habeas corpus case, the petitioner must assert that he is in custody in violation of the United States Constitution or other federal law. Claims asserting only violations of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In this case, Martin does not expressly allege that his initial conviction or his probation revocation was in violation of the United States Constitution. It therefore appears that he has not stated claims that are cognizable in a habeas corpus case. For this reason too, the petition would be subject to dismissal.

For the reasons set forth herein, an order will enter dismissing this action for failure to allege and show complete exhaustion of state-court remedies. An appropriate Order is filed herewith.

ENTERED this the 12th day of September, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

---

[2] The Court is aware that another habeas petition filed by Martin is pending in this Court, challenging the same probation revocation. It is likely that that petition too is premature.